UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRITTANY WILL, *et al.*, ) | |
|     *Plaintiffs*, ) | |
| ) | |
| *vs.* ) | 1:13-cv-1055-JMS-MJD |
| ) | |
| SOHAIL "NICK" PANJWANI, *d/b/a Unlimited* ) | |
| *Mobile*, *et al.*, ) | |
|     *Defendants*. ) | |

### ORDER DENYING THE DEFENDANTS' MOTION TO DISMISS

Plaintiffs Brittany Will and Gabby Lozano filed this action against Defendants Sohail "Nick" Panjwani ("Nick") d/b/a Unlimited Mobile, Ali Panjwani ("Ali") d/b/a Unlimited Mobile, and S.V.A.Z. (IN) Inc. (collectively, "Unlimited Mobile"). Plaintiffs allege that Unlimited Mobile failed to pay them and others similarly situated to them in accordance with the overtime requirements of the Fair Labor Standards Act (the "FLSA"). [Dkt. 1.] Presently pending before the Court is Unlimited Mobile's Motion to Dismiss for Lack of Subject Matter Jurisdiction. [Dkt. 26.] For the reasons that follow, the Court denies that motion.

### I.
### STANDARD OF REVIEW

In considering a motion to dismiss for lack of subject matter jurisdiction, the Court "must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor." *United Transp. Union v. Gateway W. Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996). When a defendant raises a factual challenge to the Court's subject matter jurisdiction, the Court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d

440, 444 (7th Cir. 2009) (collecting cases). The Plaintiffs have the burden to prove, by a preponderance of the evidence, that subject-matter jurisdiction exists for their claims. *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003).

## II.
### BACKGROUND

Defendants own retail prepaid cellular stores in Indiana, Illinois, Ohio, Missouri, Iowa, and Kansas that operate under the name Unlimited Mobile. [Dkts. 1 at 2; 18 at 3.] During the relevant time period, Ms. Will and Ms. Lozano worked for an Unlimited Mobile store in Indianapolis. [Dkt. 15-1 at 1; 15-2 at 1.]

Ms. Will worked for Defendants from August 2012 to March 2013 and held the positions of District Manager and Manager. [Dkt. 15-1 at 1.] During her employment, her pay ranged from a base hourly rate of $8.00 to $10.00. [*Id.*] Additionally, she was paid monthly commissions on prepaid cellular products that she sold. [*Id.*]

Ms. Lozano worked for an Unlimited Mobile store in Indianapolis from September 2012 through February 2013 and held the positions of Sale Associate and Manager. [Dkt. 15-2 at 1.] During her employment, her pay ranged from a base hourly rate of $7.25 to $8.00. [*Id.*] Additionally, she was paid monthly commissions on prepaid cellular products that she sold. [*Id.*]

Both Ms. Will and Ms. Lozano attest that they each regularly worked more than 40 hours per week but that Unlimited Mobile did not pay them overtime compensation. [Dkts. 15-1 at 2; 15-2 at 2.] They further attest that they were not paid additional overtime resulting from their deferred compensation for the monthly commission sales. [*Id.*] Both contend that they have personal knowledge that Unlimited Mobile paid its Managers and Sales Associates according to the same pay scheme, specifically "straight time for all hours worked and no additional overtime compensation from monthly commissions." [*Id.*] They also assert that they discussed Unlimited

Mobile's failure to pay overtime with other former co-workers and that they had access to the payroll and time records confirming their allegations for employees outside the Indianapolis store. [*Id.*]

On July 1, 2013, Plaintiffs filed a Complaint against Unlimited Mobile, alleging that Unlimited Mobile had failed to pay them and similarly situated employees in accordance with the FLSA and applicable Indiana law. [Dkt. 1 at 6.] Plaintiffs asserted that Unlimited Mobile had a "common practice and policy of refusing to pay overtime at a rate of not less than one and one-half times their regular rates of pay" and that this policy "affected all current and former Sales Associates, Managers and District Managers (or their functional equivalents)" in Unlimited Mobile's Indiana, Illinois, Ohio, Missouri, Iowa, and Kansas retail locations. [*Id.* at 5-6.] Thus, the Plaintiffs define a proposed class consisting of "[a]ll current and former Sales Associates, Managers and District Managers (or their functional equivalents) who have worked for Defendants at any of their Indiana, Illinois, Ohio, Missouri, Iowa, and Kansas retail locations." [*Id.*]

On July 25, 2013, Plaintiffs filed a Motion for Conditional Certification and for Notice to Potential Plaintiffs.[1] [Dkt. 14.] On September 3, 2013, Unlimited Mobile filed a Motion to Dismiss for Lack of Jurisdiction, alleging that it had made an offer of judgment pursuant to Federal Rule of Civil Procedure 68 that provides complete relief for all of the Plaintiffs' alleged damages. [Dkt. 26 at 1.] Because the Plaintiffs never responded to that offer, effectively rejecting it, Unlimited Mobile contends that this Court lacks subject matter jurisdiction because the Plaintiffs no longer have a personal stake or legally cognizable interest in the outcome of the action. [*Id.* at 2.] The Plaintiffs oppose Unlimited Mobile's Motion to Dismiss. [Dkt. 33.]

---

[1] The Court issues a separate entry today, granting the Plaintiffs' motion to conditionally certify.

- 4 -

## III.
### DISCUSSION

The parties dispute whether Unlimited Mobile's offer of judgment would satisfy the Plaintiffs' entire demand. Unlimited Mobile argues that it does, [dkts. 27 at 4; 27-1], while the Plaintiffs argue that it does not, [dkt. 33 at 3-8].

In response to Unlimited Mobile's motion, the Plaintiffs detail three categories of damages that they contend Unlimited Mobile's offer ignores. [*Id.*] First, the Plaintiffs argue that Unlimited Mobile's offer does not account for the monthly commissions they earned. [*Id.* at 4-6.] Second, the Plaintiffs contend that Unlimited Mobile's offer ignores Ms. Will's state law claim for amounts she contends were unlawfully deducted from her paycheck. [*Id.* at 6-7 (citing Ind. Code § 22-2-6-1).] Third, the Plaintiffs dispute the number of overtime hours and pay rates Unlimited Mobile utilized to calculate their offer, contending that they worked more hours than were accounted for and that Ms. Will had a higher rate of pay. [Dkt. 33 at 8.]

Unlimited Mobile did not file a reply brief disputing the factual arguments the Plaintiffs make regarding the sufficiency of Unlimited Mobile's offer. The Court will not develop arguments for Unlimited Mobile and construes Unlimited Mobile's silence as a waiver of the specific factual contentions that the Plaintiffs made in their response brief regarding their claims. *Blackwell v. Cole Taylor Bank*, 152 F.3d 666, 673 (7th Cir. 1998) ("[S]ilence about facts does constitute a waiver of the specific factual contentions made by the opposing party in a brief filed earlier.").

The purpose of Federal Rule of Civil Procedure 68 "is to encourage settlement and avoid protracted litigation." *Webb v. James*, 147 F.3d 617, 620 (7th Cir. 1998). Rule 68 provides, in relevant part, as follows:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.
>
> \*\*\*
>
> An unaccepted offer is considered withdrawn, but it does not preclude a later offer. Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs.
>
> \*\*\*
>
> If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

Fed. R. Civ. Pro. 68 (a), (b), (d).

Plaintiffs who receive Rule 68 offers, are "at their peril whether they accept or reject a Rule 68 offer." *Sanchez v. Prudential Pizza, Inc.*, 709 F.3d 689, 692 (7th Cir. 2013). "Costs are usually a relatively minor aspect of most federal litigation, but when the costs in question include attorney fees . . . Rule 68 takes on much greater significance, often exceeding the damages a successful plaintiff might recover." *Id.* Specifically, "[a] plaintiff who rejects a Rule 68 offer but later wins a judgment in such a case may lose her entitlement to a substantial portion of otherwise awardable attorney fees and costs if she does not win more than the rejected Rule 68 offer." *Id.*

If a Rule 68 offer contains an ambiguity, it "must be interpreted to prevent such strategic use of ambiguity by construing an ambiguous offer against the offering defendant's interests, whether the question arises from the offer's acceptance or rejection." *Id.* at 694 (in the context of silence concerning attorney fees). In sum, the Court will "resolve the ambiguity against the offerer." *Id.*

The Court has reviewed Unlimited Mobile's offer of judgment, [dkt. 27-1], and agrees with the Plaintiffs that it does not appear to account for the three categories of damages to which the Plaintiffs refer in their response. The Court resolves any ambiguity about what an offer of judgment includes against the offerer—here, Unlimited Mobile. *Sanchez*, 709 F.3d at 692. Because Unlimited Mobile's offer of judgment would not fully satisfy the Plaintiffs' claims, their claims are not moot and Unlimited Mobile's Motion to Dismiss is **DENIED**.[2]

### IV.
### CONCLUSION

For the reasons stated herein, the Court **DENIES** the Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction. [Dkt. 26.]

Date: 10/01/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Philip J. Gibbons Jr.
GIBBONS JONES, P.C.
pgibbons@gibbonsjones.com

Andrew G. Jones

---

[2] Even if Unlimited Mobile's offer of judgment had been enough to satisfy the Plaintiffs' entire demand, the Court may not have dismissed the case. Unlimited Mobile relies on a recent United States Supreme Court case in support of its position, [dkt. 27 (citing *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013))], but *Genesis Healthcare* is materially distinguishable because the majority in that case expressly noted that the plaintiffs "had not yet moved for 'conditional certification' when her claim became moot," 133 S.Ct. at 1525. Unlike in *Genesis Healthcare*, the Plaintiffs in this case moved for conditional certification weeks before Unlimited Mobile made its offer. [Dkts. 14; 27-1.] Therefore, *Genesis Healthcare* is not directly on point. *See also Singer v. Illinois State Petroleum Corp.*, 2013 WL 2384314 (N.D. Ill. 2013).

GIBBONS JONES P.C.
ajones@gibbonsjones.com

Joseph H. Langerak IV
RUDOLPH FINE PORTER & JOHNSON
Jhl@rfpj.com

Stacy K. Newton
RUDOLPH FINE PORTER & JOHNSON
skn@rfpj.com