UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRITTANY WILL, *et al.*, )<br>    *Plaintiffs*, )<br> )<br>*vs.* )<br> )<br>SOHAIL "NICK" PANJWANI, *d/b/a Unlimited* )<br>*Mobile*, *et al.*, )<br>    *Defendants*. ) | 1:13-cv-1055-JMS-MJD |

### ORDER ON PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION

Plaintiffs Brittany Will and Gabby Lozano filed this action against Defendants Sohail "Nick" Panjwani ("Nick") d/b/a Unlimited Mobile, Ali Panjwani ("Ali") d/b/a Unlimited Mobile, and S.V.A.Z. (IN) Inc. (collectively, "Unlimited Mobile"). The Plaintiffs allege that Unlimited Mobile failed to pay them and others similarly situated to them in accordance with the overtime requirements of the Fair Labor Standards Act (the "FLSA"). [Dkt. 1.] Presently pending before the Court is the Plaintiffs' Motion for Conditional Certification and for Notice to Potential Plaintiffs. [Dkt. 14.] For the reasons that follow, the Court concludes that conditional certification is appropriate.

**I.**
**STANDARD OF REVIEW**

The FLSA provides that an action for unpaid minimum wages or unpaid overtime compensation may be brought "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). A collective action is similar to, but distinct from, a class action brought pursuant to Federal Rule of Civil Procedure 23. *Alvarez v. City of Chicago*, 605 F.3d 445, 448 (7th Cir. 2010). "The principle difference is that plaintiffs who wish to be included in a collective action must affirmatively opt-in to the suit by

filing a written consent with the court, while the typical class action includes all potential plaintiffs that meet the class definition and do not opt-out." *Id.* Rule 23 and its standards governing class certification do not apply to a collective action brought under the FLSA. *Moss v. Putnam County Hosp.*, 2010 U.S. Dist. LEXIS 74735, *5 (S.D. Ind. 2010). A district court has wide discretion to manage collective actions. *Alvarez*, 605 F.3d at 449 (citing *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 171 (1989)).

An employee may only bring a collective action on behalf of other employees who are similarly situated. 29 U.S.C. § 216(b). Therefore, to decide whether to initially certify a collective action, the Court must determine whether members of the proposed class are, in fact, similarly situated. *Campbell v. Advantage Sales & Mktg., LLC*, 2010 U.S. Dist. LEXIS 87077, *10 (S.D. Ind. 2010). The FLSA does not define the term "similarly situated" or instruct judges when to exercise their discretion and authorize notice to potential plaintiffs. *Raymer v. Mollenhauer*, 2010 U.S. Dist. LEXIS 84273, *3 (N.D. Ind. 2010). Courts have held, however, that being similarly situated does not require identical positions of the putative class members; instead, it requires that common questions predominate among the members of the class. *Campbell*, 2010 U.S. Dist. LEXIS 87077 at *10; *Alvarez*, 605 F.3d at 449.

Courts within this Circuit typically use a two-step inquiry. *Scott v. NOW Courier, Inc.*, 2012 U.S. Dist. LEXIS 43710, *22 (S.D. Ind. 2012); *Lallathin v. Ro Ro, Inc.*, 2010 U.S. Dist. LEXIS 64096, *2 (S.D. Ind. 2010). The first step, also known as the notice stage, involves analysis of the pleadings and affidavits that have been submitted to determine whether notice should be given to potential class members. *Campbell*, 2010 U.S. Dist. LEXIS 87077 at *9. Although the first step of certification does not impose a high burden on the plaintiff, "this does not mean that the 'modest factual showing' is a mere formality." *Id.* at *11. It serves as an important and

functional step in the certification process because "it would be a waste of the Court's and the litigants' time and resources to notify a large and diverse class only to later determine that the matter should not proceed as a collective action because the class members are not similarly situated." *Adair v. Wis. Bell, Inc.*, 2008 U.S. Dist. LEXIS 68942, *9-10 (E.D. Wis. 2008) (citation omitted).

The second step of certification occurs after discovery has largely been completed and allows a defendant the opportunity to seek decertification of the class or restrict the class because various putative class members are not, in fact, similarly situated as required by the FLSA. *Id.* at *7. Under this more stringent inquiry, courts typically consider the following factors: "(1) whether plaintiffs share similar or disparate factual and employment settings; (2) whether the various affirmative defenses available to the defendant would have to be individually applied to each plaintiff; and (3) fairness and procedural concerns." *Threatt v. CRF First Choice, Inc.*, 2006 U.S. Dist. LEXIS 50934, *19 (N.D. Ind. 2006).

## II.
### BACKGROUND

Defendants own retail prepaid cellular stores in Indiana, Illinois, Ohio, Missouri, Iowa, and Kansas that operate under the name Unlimited Mobile. [Dkts. 1 at 2; 18 at 3.] During the relevant time period, Ms. Will and Ms. Lozano worked for an Unlimited Mobile store in Indianapolis. [Dkt. 15-1 at 1; 15-2 at 1.]

Ms. Will worked there from August 2012 to March 2013 and held the positions of District Manager and Manager. [Dkt. 15-1 at 1.] During her employment, her pay ranged from a base hourly rate of $8.00 to $10.00. [*Id.*] Additionally, she was paid monthly commissions on prepaid cellular products that she sold. [*Id.*]

Ms. Lozano worked for an Unlimited Mobile store in Indianapolis from September 2012 through February 2013 and held the positions of Sales Associate and Manager. [Dkt. 15-2 at 1.] During her employment, her pay ranged from a base hourly rate of $7.25 to $8.00. [*Id.*] Additionally, she was paid monthly commissions on prepaid cellular products that she sold. [*Id.*]

Both Ms. Will and Ms. Lozano attest that they each regularly worked more than 40 hours per week but that Unlimited Mobile did not pay them overtime compensation. [Dkts. 15-1 at 2; 15-2 at 2.] They further attest that they were not paid additional overtime resulting from their deferred compensation for the monthly commission sales. [*Id.*] Both contend that they have personal knowledge that Unlimited Mobile paid its Managers and Sales Associates according to the same pay scheme, specifically "straight time for all hours worked and no additional overtime compensation from monthly commissions." [*Id.*] They also assert that they discussed Unlimited Mobile's failure to pay overtime with other former co-workers and that they had access to the payroll and time records confirming their allegations for employees outside the Indianapolis store. [*Id.*]

Additionally, Ms. Will attests that Nick told her that all of Unlimited Mobile's retail employees were paid the same way. [Dkt. 15-1 at 2.] Specifically, Ms. Will attests that at an interview in August 2012, Nick told her that he "owned and operated Unlimited Mobile stores in Indiana, Illinois, Ohio, Missouri, Iowa, and Kansas," that he "paid all of his hourly employees the same way," and that he paid overtime "in cash at their normal hourly rates." [Dkt. 24-1 at 1-2.] Nick denies making these statements to Ms. Will and attests that the Plaintiffs only had access to payroll records for those employees at the stores they managed in Indianapolis, not to the payroll records for employees at other store locations. [Dkt. 18-1 at 4-5.]

On July 1, 2013, the Plaintiffs filed a Complaint against Unlimited Mobile, alleging that Unlimited Mobile had failed to pay them and similarly situated employees in accordance with the FLSA and applicable Indiana law. [Dkt. 1 at 6.] The Plaintiffs asserted that Unlimited Mobile had a "common practice and policy of refusing to pay overtime at a rate of not less than one and one-half times their regular rates of pay" and that this policy "affected all current and former Sales Associates, Managers and District Managers (or their functional equivalents)" in Unlimited Mobile's Indiana, Illinois, Ohio, Missouri, Iowa, and Kansas retail locations. [*Id.* at 5-6.] Thus, the Plaintiffs define a proposed class consisting of "[a]ll current and former Sales Associates, Managers and District Managers (or their functional equivalents) who have worked for Defendants at any of their Indiana, Illinois, Ohio, Missouri, Iowa, and Kansas retail locations." [*Id.*]

On July 25, 2013, the Plaintiffs filed a Motion for Conditional Certification and for Notice to Potential Plaintiffs. [Dkt. 14.] In support of their motion, the Plaintiffs filed a Consent to Become Party Plaintiff form signed by Yasmin Lopez on June 28, 2013, [dkt. 16-1], who was a Sales Associate and Manager at Unlimited Mobile from April 2012 through April 2013, [dkt. 15-3 at 1].[1] The Plaintiffs submitted an affidavit from Ms. Lopez corroborating the majority of the

---

[1] Unlimited Mobile challenges the validity of Ms. Lopez's opt-in form because, as it notes, Ms. Lopez signed the form before the Plaintiffs filed suit. [Dkt. 18 at 4 n.1.] Because the Seventh Circuit Court of Appeals has not required plaintiffs to prove that there are other employees who desire to opt-in at the initial notice stage to obtain conditional certification, the Court rejects Unlimited Mobile's argument. *Heckler v. DK Funding, LLC*, 502 F. Supp. 2d 777, 780 (N.D. Ill. 2007) (holding that such an argument "puts the cart before the horse" and "does not make sense [because i]t would essentially force plaintiffs or their attorneys to issue their own form of informal notice or to otherwise go out and solicit other plaintiffs"); *see also Craft v. Ray's, LLC*, 2008 WL 4810546, *2 (S.D. Ind. 2008).

Plaintiffs' allegations set forth above. [Dkt. 15-3.] Unlimited Mobile opposes the Plaintiffs' Motion for Conditional Certification.[2] [Dkt. 18.]

### III.
### DISCUSSION

**A. Conditional Certification**

The Plaintiffs argue that they have met the threshold requirements of the notice stage of the two-step certification process. [Dkt. 15 at 7.] The Plaintiffs cite their supporting affidavits and point out that regardless of the differences in their job titles, they "spent the majority of their working hours selling [Unlimited Mobile's] prepaid cellular services, including activations, accessories and upgrades" and that they were subject to the same pay policies and practices. [*Id.* at 7-8.] Therefore, the Plaintiffs contend that they have put forth sufficient evidence of a common injury such that conditional certification should be granted. [*Id.* at 8.]

In response, Unlimited Mobile argues that conditional certification would be inappropriate. [Dkt. 18.] Unlimited Mobile contends that even if the Plaintiffs' declarations are taken as true, they "fail to demonstrate a company-wide payment policy because they offer no evidence of payment practices outside Indianapolis, because they are not substantiated by other evidence, because they rely on hearsay statements from other co-workers, and because they offer only conjecture and surmise regarding payment practices across the company as a whole." [*Id.* at 5-6.]

Unlimited Mobile argues that the Plaintiffs' affidavits alone cannot make a factual showing to support the alleged common policy or plan that violated the FLSA. [*Id.* at 6-7.] It cites *Flores v. Lifeway Foods, Inc.*, 289 F. Supp. 2d 1042, 1046 (N.D. Ill. 2003), to support its posi-

---

[2] Unlimited Mobile has filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, alleging that an unaccepted Offer of Judgment it made to the Plaintiffs pursuant to Federal Rule of Civil Procedure 68 had mooted the Plaintiffs' claims. [Dkt. 26.] For the reasons explained in a separate entry issued today, the Court denied the Plaintiffs' Motion to Dismiss.

tion, but the plaintiffs in that case only submitted affidavits from the four named plaintiffs asserting that they had worked overtime during one pay period and were not given overtime pay. *Id.* at 1046-47. Based on that evidence alone, the *Flores* plaintiffs alleged that the defendant had engaged in a scheme to deny employees earned overtime wages, but the district court concluded that they had not made the modest factual showing necessary to obtain conditional certification. *Id.*

In this case, unlike in *Flores*, the Plaintiffs' affidavits make specific allegations regarding the evidence they have or can obtain through discovery regarding Unlimited Mobile's policy or practice of not properly compensating overtime at the stores owned by the Panjwanis. Specifically, the Plaintiffs attest that they regularly worked overtime for which they were not compensated (as opposed to the one time allegation in *Flores*) and that they have personal knowledge of Unlimited Mobile's common payment practice or policy because they had access to payroll and time records for other Unlimited Mobile employees, including those outside Indiana.[3] [Dkts. 15-1 at 2; 15-2 at 2.] Additionally, Ms. Will attests that Nick told her that all of Unlimited Mobile's hourly employees were paid the same way and were paid cash for overtime at their normal hour-

---

[3] Unlimited Mobile disputes that the Plaintiffs had access to payroll records of employees outside the Indianapolis store they managed, [dkt. 18-1 at 2], and criticizes them for not submitting timesheets or paystubs demonstrating the challenged payment practices, [dkt. 18 at 7-8]. At step one of conditional certification, before discovery has been completed, "the court does not resolve factual disputes, decide substantive issues, reach the merits, or make credibility determinations." *Swarthout v. Ryla Teleservices, Inc.*, 2011 U.S. Dist. LEXIS 142408, *9 (N.D. Ind. 2011); *Marshall v. Amsted Indus., Inc.*, 2010 U.S. Dist. LEXIS 59549, *5 (S.D. Ill. 2010) (same).

ly rates.[4]  [Dkts. 15-1 at 2; 24-1 at 1-2.]  It is undisputed that the Panjwanis owned and operated Unlimited Mobile stores in Indiana, Illinois, Ohio, Missouri, Iowa, and Kansas, [dkts. 1 at 2; 18 at 3]; thus, Nick's admission to Ms. Will is evidence supporting the Plaintiffs' assertion that Unlimited Mobile had a payment policy or practice throughout the Panjwanis' stores of not paying overtime.  Based on this evidence, the Court concludes that the Plaintiffs have made the modest factual showing necessary to obtain conditional certification for the Plaintiffs' proposed class consisting of current and former Sales Associates, Managers and District Managers who worked for Unlimited Mobile at any of the stores owned by the Panjwanis.[5]

### B. The Plaintiffs' Proposed Notice and Consent Forms

The Plaintiffs filed proposed Notice and Consent to Become Party Plaintiff forms with their motion.  [Dkts. 15-4; 15-5.]  Unlimited Mobile objected to certain portions, [dkt. 28], and the Plaintiffs filed Revised Notice and Consent forms incorporating Unlimited Mobile's objec-

---

[4] Unlimited Mobile argues that Nick's statement is hearsay that should be disregarded but, as the Plaintiffs point out, the statement is not hearsay because Nick is a party defendant and an agent of Unlimited Mobile.  [Dkt. 24 at 4 (citing Fed. R. Evid. 801(d)(2)).]  Even if it were hearsay, the Court could still consider it at the notice stage of collective action certification—"the majority of cases in this district consider inadmissible evidence but factor the inadmissible nature of the statements into the overall calculus in determining whether a plaintiff produced sufficient evidence to warrant collective action certification."  *Carter v. Indiana State Fair Comm'n*, 2012 WL 4481350, *1 (S.D. Ind. 2012) *report and recommendation adopted by* 2012 WL 4481348 (S.D. Ind. 2012); *see also Mares v. Caesars Entm't, Inc.*, 2007 WL 118877 (S.D. Ind. 2007) (Tinder, J.) (factoring the hearsay nature of the statements into the overall calculus to determine whether plaintiff had produced sufficient evidence to warrant collective action certification, rather than striking hearsay statements entirely).

[5] In making this determination, the Court has not considered the Plaintiffs' generic assertion that they spoke about the alleged illegal payment practices with co-workers because, as Unlimited Mobile points out, their affidavits do not identify these individuals and, instead, confirm that the Plaintiffs typically worked alone.  [Dkts. 18 at 9; 15-1 at 2 (attesting that Ms. Will regularly was the only employee on duty but that she "discussed Unlimited Mobile's failure to pay overtime with other former co-workers"); 15-2 at 2 (same for Ms. Lozano).]  Even without that evidence, however, the Plaintiffs have made the required factual showing necessary for conditional certification.

tions with which they agreed, [dkt. 31-2]. Accordingly, the Court will only address the objections that remain in dispute.

*1) Case Caption*

The parties dispute whether the Notice should include the case caption and cause number for this matter. [Dkts. 28 at 2; 31 at 2.] Unlimited Mobile contends that including that information could be confused with an indication of "judicial sponsorship," which is prohibited. [Dkt. 28 at 2.] The Plaintiffs disagree with Unlimited Mobile's argument. [Dkt. 31 at 2.]

The Seventh Circuit Court of Appeals has held that notice of a collective action should not go out on court letterhead or with the signature of a court official. *Woods v. NY Life Ins. Co.*, 686 F.2d 578, 580 (7th Cir. 1982). But *Woods* does not prohibit including a case caption or the cause number of the pending action. The only case Unlimited Mobile cites for that position—*Flores*, 289 F. Supp. 2d at 1047—is non-binding authority that "stands alone" and has been rejected by more recent cases explicitly approving notices that contained the full caption of the case since it "could not reasonably be construed as a letter from the Court." *North v. Bd. of Trustees of IL State Univ.*, 676 F. Supp. 2d 690, 699 (C.D. Ill. 2009) (collecting cases). Those cases typically included a disclaimer with language stating, "The Court has taken no position about the merits of plaintiff's claim or defendant's defenses." *Id.*

The Court agrees with the more recent trend of cases that allow the collective action notice to contain the full caption of the case. The Plaintiffs' Revised Notice contains a disclaimer that the Court "has not taken a position on the merits of either party's position," which protects

the appearance of judicial sponsorship.[6] [Dkt. 31-1 at 2.] Accordingly, Unlimited Mobile's objection is overruled.

### 2) Alleged FLSA Violations

Unlimited Mobile asserts that the Plaintiffs' proposed consent form should be modified to reflect that the FLSA violations are "alleged." [Dkt. 28 at 6.] The Plaintiffs do not object to this proposed revision, [dkt. 31 at 3], but their Revised Consent form does not incorporate the proposed change, [dkt. 31-2 at 1]. The Court orders the last sentence of the first paragraph of the Revised Consent form to be modified to read as follows: "I hereby consent to join this lawsuit seeking unpaid wages and overtime based on Defendants' alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*"

### 3) Returning Consent Forms to the Plaintiffs' Counsel

The parties dispute whether the consent forms should be returned to the Plaintiffs' counsel (the Plaintiffs' position) or mailed to the Clerk of the Court (Unlimited Mobile's position). [Dkts. 28 at 4; 31 at 3-4.]

Unlimited Mobile cites no binding authority for its premise that opt-in forms should be mailed directly to the Clerk of Court, as opposed to the Plaintiffs' counsel. As the Plaintiffs note, the proposed forms include an email address to which they can be returned and counsel typically files the forms with the Court via CM/ECF on the same day they are received. [Dkt. 31 at 3-4.] And as the Plaintiffs' counsel points out, opt-in plaintiffs may have questions about the consent form prior to submission or may want to follow up with counsel to confirm receipt. [*Id.* at 4.] Given counsel's representation that opt-in forms will typically be filed the same day they

---

[6] Unlimited Mobile appears to seek the same disclaimer on the Revised Consent form, [dkt. 28 at 8 ¶ c], but that document does not contain a full caption and will expressly state that the claims are "alleged." Therefore, there is no risk of the appearance of judicial sponsorship.

are received, Unlimited Mobile's objection regarding submission to the Plaintiffs' counsel are overruled.

### 4) Reference to Counsel

The parties dispute whether the notice forms should inform the potential collective action members that they can retain their own counsel. Unlimited Mobile argues that the potential opt-in plaintiffs should be notified that they can retain their own counsel, should they choose to do so. [Dkt. 28 at 4-5.] The Plaintiffs argue that the information would be confusing and that multiple counsel could invite unnecessary complexity. [Dtk. 31 at 4-5.]

Each party cites non-binding case law to support its positions, but the Court agrees with the view that "if a putative class member intends to join this existing lawsuit and signs the consent, then he or she agrees to become part of the class and be represented by class counsel." *Burkeen v. New Madrid Cnty. Ambulance Dist.*, 2013 WL 880079, *3 (E.D. Mo. 2013). Language to the contrary may confuse the recipients and unnecessarily complicate the opt-in process and the subsequent proceedings. Moreover, the Revised Notice states that "[i]f you choose not to join in this lawsuit, you are free to hire an attorney at your own expense to file a lawsuit on your behalf, or you can choose to do nothing." [Dkt. 31-1 at 3.] This language is sufficient to inform the potential collective action members that they have the right to obtain their own counsel and pursue their own action should they choose not to opt-in and be represented by class counsel. Accordingly, the Court overrules Unlimited Mobile's objection.

### 5) Follow-Up Communications

Unlimited Mobile objects to the Plaintiffs' request that they be allowed to issue reminder notifications to the prospective opt-in plaintiffs. [Dkt. 28 at 7.] As the Plaintiffs point out in response, however, they only request the ability to send subsequent notifications to potential opt-in

plaintiffs whose initial notices are returned as undelivered for some reason. [Dkt. 31 at 6.] The Plaintiffs expressly confirm that they will not, without leave of Court, send reminder or follow-up notifications to putative class members who successfully receive the notice and consent forms. [*Id.*] With this understanding, the Court overrules Unlimited Mobile's objection, to the extent any remains.

### 6) *Producing Telephone Numbers and E-Mail Addresses*

The Plaintiffs request that the Court compel Unlimited Mobile to produce the names, home addresses, home telephone numbers, and email addresses (if known) of all potential opt-in plaintiffs. [Dkt. 14 at 2.] Unlimited Mobile objects to the Plaintiffs' request that it be compelled to produce the home telephone numbers and e-mail addresses. [Dkt. 28 at 7.] In response, the Plaintiffs point out that all of the requested information is discoverable. [Dkt. 31 at 6.]

Unlimited Mobile does not argue that it would be burdensome to produce the home telephone numbers and e-mail addresses of the potential opt-in plaintiffs when it produces the names and home addresses of those individuals (to which it does not object). Instead, it rests its objection on its belief that the mailing addresses will "suffice" to contact potential opt-in plaintiffs. [Dkt. 28 at 8.] The Court overrules Unlimited Mobile's objection because it does not present a compelling reason for not producing the home telephone numbers and e-mail addresses of the potential opt-in plaintiffs at the same time it produces the names and home addresses of those individuals.

### IV.
#### CONCLUSION

For the reasons stated herein, the Court **GRANTS** the Plaintiffs' Motion for Conditional Certification and for Notice to Potential Plaintiffs. [Dkt. 14.] The Court **CONDITIONALLY CERTIFIES** the following class under the FLSA:

> All current and former Sales Associates, Managers and District Managers (or their functional equivalents) who have worked for Defendants at any of their Indiana, Illinois, Ohio, Missouri, Iowa, and Kansas retail locations.

The Court **OVERRULES** the majority of Unlimited Mobile's remaining objections to the Revised Proposed Notice and Consent Forms, [dkts. 31-1; 31-2], with the exception of one that is undisputed but that the Plaintiffs apparently overlooked in modifying the Revised Consent form. To that end, the Court **ORDERS** the last sentence of the first paragraph of the Revised Consent form to be modified to add the word "alleged" and read as follows: "I hereby consent to join this lawsuit seeking unpaid wages and overtime based on Defendants' alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*" Within **five days** of the date of this order, the parties shall **jointly submit** a Second Revised Consent form based on this Court's rulings.

The Court **ORDERS** Unlimited Mobile to produce to the Plaintiffs' counsel a document in useable electronic format that discloses the names, home addresses, home telephone numbers, and email addresses, if known, of all potential plaintiffs within **seven days** of this order. The opt-in period will commence **seven days** after Unlimited Mobile produces the document containing the referenced information.

Date:   10/01/2013

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Philip J. Gibbons Jr.
GIBBONS JONES, P.C.
pgibbons@gibbonsjones.com

- 14 -

Andrew G. Jones
GIBBONS JONES P.C.
ajones@gibbonsjones.com

Joseph H. Langerak IV
RUDOLPH FINE PORTER & JOHNSON
Jhl@rfpj.com

Stacy K. Newton
RUDOLPH FINE PORTER & JOHNSON
skn@rfpj.com